The Shell Co. (P. R.) Ltd., Plaintiff and Appellant, *v.* Bolívar Pagán, Treasurer of The Capital of Puerto Rico, Defendant and Appellee.

No. 7294. Argued December 16, 1936.—Decided March 31, 1937.

*Samuel R. Quiñones* for appellant.   *Juan Valldejuli* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The plaintiff company filed a complaint in the District Court of San Juan, and alleged that on November 5, 1935, he was compelled to pay the defendant the sum of $94.25 claimed by the latter as a municipal license fee for engaging in the business of selling gasoline; that the plaintiff had to make such payment in order to avoid the attachment of its property for the collection of said sum; and that payment was made under protest pursuant to Act No. 32 of May 4, 1933 (Session Laws, p. 254).

The recovery of the sum paid under protest was prayed for, and it was alleged that the collection made by the defendant is illegal on seven different grounds which need not be considered for the determination of the only question of law presented by the case.

The defendant interposed a demurrer to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action.

The district court rendered judgment sustaining the demurrer presented for insufficiency of the complaint, as the

amount in controversy did not exceed $500. The court maintains in its opinion that the plaintiff herein should have filed its complaint in the municipal court, as that is the one which has jurisdiction to take cognizance of the case, the amount sought to be recovered being only $94.25. The plaintiff appealed, and assigned the following errors as committed by the lower court:

"1. The District Court of San Juan, Puerto Rico, erred in holding in its judgment rendered in the instant case on February 18 of the present year, that the complaint herein did not state facts sufficient to constitute a cause of action, on the ground that the amount in controversy does not exceed $500.00, since the jurisdiction of actions for the recovery of insular or municipal taxes paid under protest belongs to the district court.

"2. The District Court of San Juan, Puerto Rico, erred in dismissing the complaint in the instant case on the basis of the demurrer interposed by the defendant-appellee."

We shall discuss both errors jointly.

The statute governing the procedure for the recovery of rentals, taxes, or excises levied by the Government of the Capital of Puerto Rico and paid under protest, is Act No. 32 of May 4, 1933 (Session Laws, p. 254), whereby a new section was added to Act No. 99 of May 15, 1931 (Session Laws, p. 626), "To establish a special government for the Capital of Puerto Rico, and for other purposes," which section, in its pertinent part, reads as follows:

"Section 32 a . . . The party paying such local rental, tax, or excise under protest may, at any time within the unextendable term of thirty days after the payment is made, sue the said treasurer in a court of competent jurisdiction for the return of the said sum; and if, taking into account the merits of the case, it is decided that the amount was unjustly or illegally collected, the court taking cognizance of the matter may certify, in accordance with its records, that the said local rentals, taxes, or excises were paid without reason therefor, and must be returned, preference being given to this payment over any other claim made on the Government of the Capital."

The decision of this case depends upon the construction which should be given to the words *"in a court of competent jurisdiction."*

The appellant maintains that the District Court of San Juan has competent jurisdiction to take cognizance of this complaint, even though the amount of the claim does not exceed $500, and it bases its contention on the decision of this court in *Soto* v. *Domenech, Treas.,* 45 P.R.R. 909.

We are of the opinion that the case cited can not be invoked as an authority in support of appellant's contention. The three acts construed by this court in *Soto* v. *Domenech, Treas., supra,* were section 3 of Act No. 35 of 1911 (Session Laws, p. 124, Comp. Stat., sec. 2991), section 76 (*a*) of Act No. 74 of 1925 (Session Laws, p. 400), and section 3 of Act No. 8 of April 1927 (Session Laws, p. 122), all of them relating to the procedure to claim the recovery of taxes levied by the Insular Government of Puerto Rico and paid under protest. Said sections, transcribed in their chronological order, read as follows:

(Section 3, Act No. 35 of 1911).—"The party paying said revenue under protest may, at any time within thirty days after making said payment, and not longer thereafter, sue the said Terasurer for said sum, for the recovery thereof in the court having competent jurisdiction thereto; and if it be determined that the same was wrongfully collected as not being due from said party to the Government, for any reason going to the merits of the same, the court trying the case may certify of record that the same was wrongfully paid, and ought to be refunded, and thereupon the Treasurer shall repay the same, which payment shall be made in preference to other claims on the Treasury. Either party to said suit shall have the right of appeal to the Supreme Court."

(Section 76(*a*), Act No. 74 of 1925).—"The decisions of the Board of Review and Equalization shall be final without prejudice to a reconsideration pursuant to law. The taxpayer shall pay under protest such tax as shall have been levied on him within the time specified and within 30 days subsequent to such payment under protest

he may bring proper suit in a proper court,* against the Treasurer of Porto Rico.''

(Section 3, Act No. 8 of 1927).—''A taxpayer who shall have paid under protest the whole or part of any tax may, within the term of one year from the date of payment, sue the Treasurer of Porto Rico in an insular court of competent jurisdiction, or in the District Court of the United States for Porto Rico, to secure the return of the amount protested.''

In *Jesús* v. *Gallardo,* 34 P.R.R. 412, wherein there was involved the construction of the words ''in a court of competent jurisdiction'' as used in section 4 of Act No. 9 of 1924 (Session Laws, p. 70), authorizing the claim of insular taxes paid under protest, this court held that the jurisdiction should be determined by the amount involved, and that since the amount claimed did not exceed $500, the action should have been brought in a municipal court. The cited Act of 1924 repealed and substituted Act No. 17 of May 13, 1920 (Session Laws, p. 124), which provided in section 2 that the complaint should be filed *''in the proper district court pursuant to the Code of Civil Procedure,''* and in section 5, that either party to the suit might appeal from the decision of the district court to the Supreme Court. And this court expressed itself as follows:

''It must be presumed that when the Legislature varied the terms of the Act of 1920 on that point it showed a clear intention of not conferring upon the district courts exclusive jurisdiction of such actions, but that the jurisdiction was to be determined by the amount involved, following therefor the general Act of March 10, 1904, Comp. 1911, section 1148 *et seq.* And undoubtedly it was considered that it would not be equitable or just to compel a taxpayer to resort to a district court to recover small sums, authorizing him to sue in the proper municipal court, provided the amount involved did not exceed $500, including interest.''

Although the construction of section 3 of Act No. 35 of 1911 was not involved in *Jesús* v. *Gallardo, supra,* for said

---

* NOTE.—The phrase "proper court" would seem to require restatement as "proper district court" in order to conform the same to the corresponding Spanish text, held to prevail over the English text. See *Calaf* v. *Gallardo,* 36 P.R.R. 131, 132.

act had already been expressly repealed by Act No. 17 of 1920, and the latter by Act No. 9 of 1924, this court held in *Soto* v. *Domenech, Treas., supra,* that the decision in *Jesús* v. *Gallardo, supra,* was erroneous and should be considered to be overruled, on the ground that in the opinion delivered in the aforesaid case, only the words *"in the court having competent jurisdiction"* had been taken into account upon discussing section 3 of the Act of 1911, and there had been ignored the words *"either party to said suit shall have the right of appeal to the Supreme Court,"* which appear at the end of said section, and which should be construed as showing that the Legislature had in mind conferring exclusive jurisdiction of this kind of claims upon the district courts, inasmuch as there is no appeal established by law from a municipal court to the Supreme Court.

In *Calaf* v. *Gallardo,* 36 P.R.R. 131, this court construed section 76 (*a*) of Act No. 74 of 1925, *supra,* adjusting the discrepancy between the English and Spanish text of said section in the sense that the Spanish text should prevail, from which it clearly appears that the intention of the Legislature was to confer exclusive jurisdiction upon the district courts.

In our opinion, the decision in *Soto* v. *Domenech, supra,* was based on the assumption, which was accepted by both litigants, that both acts, namely, section 76 (*a*) of Act No. 74 of 1925 and section 3 of Act No. 8 of 1927, could coexist with respect to the question of jurisdiction if the latter law did not show an intention to give jurisdiction to the municipal court. And the court said:

". . . If both acts may subsist then the intention of the Legislature to require a taxpayer to proceed before a district court was perfectly clear in the Act of 1925 (*sic*)."

Undoubtedly the court intended to say "Act of 1927," for that was the act to be construed, and not that of 1925,

which provided with absolute clarity that the complaint should be filed in a proper district court.

In our judgment, the hypothesis was not tenable, for we do not conceive, not even hypothetically, that the coexistence or subsistence of two acts can be accepted where the latter act contains a clause whereby it expressly repeals the former, excepting only the actions or proceedings commenced, or the rights acquired, under the act thereby repealed.

We repeat that all these cases and statutes which we have examined, refer to complaints for the recovery of taxes paid under protest to the Insular Government.

The statute that we are now to construe is section 32 (*a*), which was added to Act No. 99 of 1931 by Act No. 32 of May 4, 1933, and which refers to the procedure for the recovery of local taxes or excises paid under protest to the Government of the. Capital.

The appellant maintains that section 32. (*a*), *supra,* and section 3 of Act No. 35 of 1911, *supra,* contain identical provisions, with the exception of the last sentence of the latter, whereby there is allowed an appeal to the Supreme Court, which does not appear in section 32 (*a*) of the act establishing the Government of the Capital. And the appellant adds:

"The identity of both legal provisions transcribed is so evident that there is no doubt whatever that the lawmaker copied the provisions embodied in section 3 of Act No. 35 of 1911 into section 2 of Act No. 32 of 1933, thus establishing a similar procedure in both acts and fixing similar rules therein for the recovery of taxes paid under protest, which rendered both proceedings undeniably identical."

The appellant attaches very little importance to the fact that the lawmaker, in copying *ad pedem literae* the provisions of the already repealed Act No. 35 of 1911 for the purpose of drafting section 32 (*a*) referred to in Act No. 32 of 1933, omitted or suppressed the words "Either party to said suit shall have the right of appeal to the Supreme Court," which appear at the end of the section taken as a model.

We can not presume that the suppression of those words was due to the carelessness or oversight of the lawmaker. We are rather warranted in presuming that the omission answered a definite end or purpose. That purpose could not be to deprive a party of the right to appeal to the Supreme Court. It seems more logical to assume that the intention of the lawmaker was to allow the filing of the complaint in a court having jurisdiction according to the amount in controversy in the suit, and that the words which referred to the appeal to the Supreme Court were suppressed so as to avoid their being construed the same as in *Soto* v. *Domenech, Treas., supra,* namely, as proof that the intention of the legislator was to confer exclusive jurisdiction upon district courts. If the presence of the quoted language at the end of section 3 of the Act of 1911 served to disclose and fix the intention of the lawmaker to confer exclusive jurisdiction upon district courts, the elimination of that same language when drafting the said section 32 (*a*) can not have the same effect as its insertion in the former act, and we must logically construe such elimination as expressive of the legislative intent to give both the municipal and district courts jurisdiction of actions to recover local excises paid under protest to the Government of San Juan, such jurisdiction to be determined in accordance with the amount in controversy.

As the recovery of a sum not exceeding $500 is involved herein, the district court did not err in sustaining the demurrer and dismissing the complaint.

For the reasons stated, the judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.